NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TINA LEEPER,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br><br>    Defendant-Appellee. | No. 15-35184<br><br>D.C. No. 3:14-cv-05369-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 8, 2017[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit
Judges

 Tina Leeper appeals the district court's decision affirming the Commissioner

of Social Security's denial of Leeper's application for supplemental security

income under Title XVI of the Social Security Act.  We have jurisdiction under 28

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The Administrative Law Judge ("ALJ") properly rejected the opinion of examining psychologist Dr. Bartol regarding Leeper's social functioning based on specific and legitimate reasons supported by substantial evidence: inconsistency with evidence in the record of Leeper's activities and inconsistency with Dr. Bartol's own clinical findings. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–01 (9th Cir. 1999) (concluding that inconsistency with daily activities is a legitimate reason for the ALJ to reject the opinion of a treating physician); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (explaining that the ALJ properly rejected a physician's opinion that was inconsistent with the physician's own clinical notes and records). The ALJ noted Dr. Bartol's findings of a pain syndrome and GAF score of 50, and the ALJ reasonably included all relevant limitations in the Residual Functional Capacity ("RFC"). *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) ("[A]n ALJ's assessment of a claimant adequately captures restrictions . . . where the assessment is consistent with restrictions identified in the medical testimony.").

Substantial evidence supports the ALJ's interpretation of the medical opinion of Ms. Cates, ARNP, and the ALJ reasonably included all relevant limitations in the RFC. *See id.*

15-35184

The ALJ provided several clear and convincing reasons for finding Leeper's testimony regarding the intensity, persistence, and limiting effects of her symptoms not credible, and the ALJ properly linked his reasoning to Leeper's testimony regarding how anxiety and pain would interfere with her ability to work. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (requiring the ALJ to link findings regarding credibility to specific claimant testimony). First, the ALJ reasonably discredited Leeper's testimony based on inconsistency with her activities. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Second, substantial evidence supports the ALJ's conclusion that the objective medical evidence is inconsistent with Leeper's testimony regarding her physical and mental health limitations. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Third, the ALJ properly considered potential explanations for lack of treatment before discrediting Leeper's testimony based on lack of treatment for fibromyalgia and other symptoms of pain. *See Molina*, 674 F.3d at 1113–14. Fourth, based on the record as a whole, the ALJ reasonably discredited Leeper's testimony regarding her mental impairments based on evidence of improvement with treatment. *See Garrison v. Colvin*, 759 F.3d 995, 1017-18 (9th Cir. 2014) (reasoning that the ALJ can discredit claimant testimony based on improvement of mental health symptoms with treatment when ALJ relies on evidence that shows improvement in the context of the record as a whole).

15-35184

**AFFIRMED.**